IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 34499-1-III |
| | ) | |
| SAREENA MALHI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| ANDY K.R. PRASAD, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Andy Prasad appeals the trial court's award of $15,000 to Sareena Malhi. The trial court entered the award pursuant to a provision in the decree of dissolution that required Dr. Prasad to pay Dr. Malhi $15,000 if the parties' home did not sell within nine months of the decree's entry. Because the sale of the parties' home did not close within nine months of the decree's entry, we affirm.

FACTS

Dr. Prasad and Dr. Malhi dissolved their marriage by decree of dissolution entered May 18, 2015. The decree awarded the parties' home to Dr. Prasad and required Dr. Malhi to execute and deliver a quit claim deed in favor of Dr. Prasad. The trial court

calculated the net value of the home, subtracted an additional $30,000 for closing costs, and used the reduced net value in determining the overall property award. The trial court was willing to subtract the $30,000 closing costs based upon Dr. Prasad's assurance that he intended to sell the home, and that the sale was imminent. For this reason, the decree required Dr. Prasad to pay Dr. Malhi $15,000 if Dr. Prasad did not sell the house "imminently," defined as within nine months from the entry of the dissolution decree. Clerk's Papers (CP) at 8. The parties agree that February 18, 2016 is nine months from when the court entered the dissolution decree.

On February 11, 2016, Douglas Takasugi and his wife signed a purchase and sale agreement (PSA), agreeing to purchase Dr. Prasad's home, subject to contingencies. The Takasugis waived all contingencies on February 17, 2016.

On March 10, 2016, Dr. Malhi moved the court for an order to enforce the dissolution decree and award her $15,000. The sale closed on March 15, 2016.

The trial court ruled that Dr. Prasad had not completed the sale "imminently" as defined by the decree. According to the trial court:

> The fact that a sale was pending as of February 18, 2016 did not constitute an "imminent" sale within the meaning of [the provision in] the decree of dissolution, as the sale had not been completed. As a result, [Dr. Prasad] is required to pay $15,000 to [Dr. Malhi].

CP at 43. Dr. Prasad timely appealed.

2

ANALYSIS

*A.    Standard of review: de novo*

Dr. Prasad argues the standard of review is de novo because a decree is similar to a contract, and the usual standards of review for contract interpretation should apply. Dr. Malhi disagrees. She argues the standard of review is abuse of discretion because the trial court interpreted its own language in the decree. Dr. Prasad counters that the trial court did nothing more than approve an agreement reached by the parties. Dr. Prasad cites to his attorney's declaration, which refers to a stipulation entered in court on August 11, 2014. That stipulation is not part of the record on appeal. Nevertheless, because the attorney's declaration is not contested, we infer Dr. Malhi does not disagree that the language in the provision was agreed to by the parties.

When the parties incorporate an agreement into a dissolution decree, this court must ascertain the parties' intent at the time of the agreement. *In re Marriage of Smith*, 158 Wn. App. 248, 255, 241 P.3d 449 (2010). The general rules of construction that apply to contracts and other writings also apply to decrees. *Id.* at 256. The meaning of contract language, and hence also a provision in a decree, may be decided as a matter of law if the facts are undisputed and there is no extrinsic evidence presented on the issue. *Snohomish County Pub. Transp. Benefit Area Corp. v. FirstGroup Am., Inc.*, 173 Wn.2d

3

829, 834, 271 P.3d 850 (2012). Here, the facts are undisputed and the parties have not presented extrinsic evidence to assist in the court's interpretation of the provision. The meaning of the provision therefore is a question of law, which we review de novo. *Id.*

### B. Interpretation of the dissolution decree

Dr. Prasad contends the sale of his home became *imminent* on February 11, 2016, when the parties signed the PSA, and the sale became *binding* on February 17, when the buyer waived all contingencies. He contends a sale is not the same as passing title, and the trial court erred when it held as much.

The operative language of the provision provides:

> If the sale of the [home] does not result imminently, [Dr. Prasad] shall immediately remit payment to [Dr. Malhi] in the amount of $15,000.00. Imminent shall be defined as within nine (9) months from the entry of the Decree of Dissolution.

CP at 8-9.

The parties agree the provision requires Dr. Prasad to pay Dr. Malhi $15,000 if he does not sell the home by February 18, 2016. The only question is whether a "sale" occurs when the parties have an agreement or when ownership transfers.

When a term in a contract is undefined, the term is given its ordinary meaning, and the court may look to a dictionary for such meaning. *Boeing Co. v. Aetna Cas. & Sur. Co.*, 113 Wn.2d 869, 877, 784 P.2d 507 (1990). "Sale" is defined as "a contract

4

transferring the absolute or general ownership of property from one person or corporate body to another for a price." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2003 (1993). Under this definition, the PSA is not a sale.

A PSA does not transfer ownership or title to real property. Instead, a PSA is an agreement that sets forth the purchaser's and seller's rights and obligations both prior to and at the time of transferring title to real property. The bargained for deed of conveyance is the sale, which is the contract that transfers ownership of property from one person to another for a price. The bargained for deed of conveyance was signed at closing, which was March 15, 2016, and which was not "imminent" as defined by the decree.

Dr. Prasad proffers a slightly different definition. His authority defines "sale" as "'the transfer of title to property from one party to another for a price; *also*: the contract of *such* a transaction.'" Reply Br. of Appellant at 2 (second emphasis added). But even under the second part of this definition, the contract would need to be one that transferred title to property. Because a PSA does not transfer title to property, a PSA is not a sale.

We therefore affirm the trial court's order requiring Dr. Prasad to pay Dr. Malhi $15,000.

5

C.    *Request for attorney fees under RCW 26.09.140*

Dr. Malhi asks for attorney fees pursuant to RCW 26.09.140. She has complied with RAP 18.l(c), which requires a party to serve and file a declaration of financial need no later than 10 days before their appeal is set for consideration. RCW 26.09.140 gives this court discretion to award attorney fees and costs, in addition to statutory costs.

RCW 26.09.140 grants trial courts and appellate courts the authority to award reasonable attorney fees in a dissolution action. The provision that authorizes trial courts to award such fees explicitly requires the trial court to consider the financial circumstances of both parties. Although the provision that authorizes an appellate court to award reasonable attorney fees does not contain similar language, we generally consider both parties' financial circumstances as well as the merits of the appeal. *See In re Marriage of Kim*, 179 Wn. App. 232, 256, 317 P.3d 555 (2014).

Dr. Malhi's declaration shows she has a monthly net income of $11,808 and monthly expenses of $15,479, leaving her with a monthly deficit. Dr. Prasad notes that Dr. Malhi discloses gross wages of $226,800 and liquid assets of over $300,000. He also notes that she fails to disclose various other assets and the amount she receives in child support. Dr. Prasad's points are well taken. Nevertheless, he does not dispute that his gross monthly income exceeds $28,500.

Although we determine that Dr. Malhi has not established she has a financial need, she has established Dr. Prasad's ability to pay. Also, if we were to deny Dr. Malhi's request for reasonable attorney fees, she would not realize the $15,000 benefit that the decree sought to provide her in the event the property was not sold imminently. We, therefore, exercise our discretion and grant Dr. Malhi's request for an award of reasonable attorney fees.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, J.

WE CONCUR:

Fearing, C.J.

Pennell, J.

7